United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2130

_____

| | | |
|---|---|---|
| The Toro Company; Lawn-Boy, Inc., | * | |
| | * | |
| Plaintiffs - Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Columbia Casualty Company, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted:  December 10, 1997
Filed:    March 6, 1998

_____

Before McMILLIAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

The Toro Company appeals from the district court's[1] entry of summary judgment against it on its breach of contract claim against its insurer, Columbia Casualty Company, for settling a claim against Toro without Toro's permission.  The district court  held that the insurance policy specifically authorized Columbia to settle the claim and that there was no evidence that the parties had orally agreed to modify the

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

insurance policy to eliminate that authorization. We affirm the judgment of the district court.

Toro, a lawn mower manufacturer, had a $5 million liability policy with Columbia. Toro was sued when one of its lawnmowers ran over a baby, Brittany Ritzler. The case was tried before a California Superior Court Judge who issued a "tentative decision" finding Toro seventy-five percent at fault for the accident and setting damages at $7.8 million. Under California law, Toro was responsible for $6,065,000. Toro determined that it would appeal the judge's decision. However, the plaintiff's attorney delivered a "drop dead" settlement proposal, offering to settle the case for $5 million by noon the next day and giving his word that if Toro did not settle in accord with the offer "there will be no further communications regarding settlement. Ever." Toro forwarded the letter to Columbia, but Columbia's claim representative was not able to contact Toro's counsel, who was on vacation. The claim representative told the Toro director of risk management that he was going to accept the offer if he could not get an extension; he could not contact the Ritzlers' attorney by telephone, and so he faxed acceptance of the offer, minutes before it expired.

Toro brought this suit alleging breach of the insurance policy contract and breach of an oral contract not to settle the case without Toro's consent. Toro alleges that it will be damaged by Columbia's settlement of the suit because Toro will have to pay higher insurance premiums and will be more likely to have other products liability claims filed against it in the future. The district court held that Columbia's actions did not breach the terms of the policy and that there was no evidence of an oral agreement not to settle the Ritzler case. The court held that an oral agreement not to settle any case under a three-year policy without Toro's consent would fall within the Statute of Frauds as impossible to perform within a year.

We review the district court's entry of summary judgment de novo. Donaho v. FMC Corp., 74 F.3d 894, 897 (8th Cir. 1998).

The policy in question provided: "[Columbia], at its sole option and without consent of the insured, may settle any claim or suit involving the limits of liability of this policy or likely to involve its limits." Toro contends that this language conflicts with language in an endorsement entitled "Defense Coverage Exclusion Endorsement." We have reviewed the policy and conclude that none of the language to which Toro points conflicts with or supersedes the express provision in the policy allowing Columbia to settle claims.

Toro also contends that it entered oral agreements with Columbia that Columbia would never settle a claim against Toro without Toro's permission and that Columbia would not settle the Ritzler case without Toro's permission. The testimony with which Toro supports its claim of oral contracts falls short of establishing such contracts or an estoppel. Nor is there any evidence that Columbia waived its right to settle the Ritzler case.

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.